File Name: 06a0254n.06
Filed: April 12, 2006

# UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff-Appellee, | ) |
| | ) ON APPEAL FROM THE |
| v. | ) UNITED STATES DISTRICT |
| | ) COURT FOR THE WESTERN |
| LARRY SCOTT RAMSEY, | ) DISTRICT OF TENNESSEE |
| | ) |
| Defendant-Appellant. | ) |

Before: **MARTIN**, **NELSON**, and **COLE**, Circuit Judges.

**DAVID A. NELSON**, Circuit Judge. This matter comes before us on direct appeal of a judgment of conviction and sentence in two consolidated criminal cases involving the same defendant. The defendant presents three arguments: (1) that the district court, while presuming the United States Sentencing Guidelines to be mandatory, enhanced the defendant's sentence on the basis of facts not admitted by the defendant; (2) that in applying the guidelines the court erred in its calculation of the "intended loss;" and (3) that the government breached a plea agreement entered in one of the cases.

We are not persuaded that the government breached the plea agreement. We must give effect, therefore, to a provision of the agreement in which the defendant waived the right

to appeal his sentence in the case to which the agreement applied. As to that case, the appeal will be dismissed.

There was no waiver of appellate rights as to the other case. Because the district court plainly erred in that case by treating the sentencing guidelines as mandatory and by enhancing the defendant's sentence on the basis of judicially determined facts, we shall vacate the resultant sentence and remand the case for re-sentencing in accordance with this opinion.

I

The defendant, Larry Scott Ramsey, was indicted in the Western District of Tennessee on charges that included bank fraud. At about the same time, an information was filed in the Northern District of Texas charging Mr. Ramsey with conspiracy to steal mail matter.

Mr. Ramsey entered into a plea agreement in the Texas case and consented to a transfer of the case to the Western District of Tennessee for plea and sentence. The agreement required Ramsey to cooperate with the government and required the government to "advise the Court of the extent of Ramsey's cooperation." The agreement further provided that Ramsey would be sentenced "pursuant to the United States Sentencing Guidelines" and that Ramsey waived the right to appeal his sentence, except in circumstances that are not claimed to be present here.

In addition to pleading guilty to the Texas mail theft charge, Mr. Ramsey pleaded guilty to the Tennessee charge of bank fraud. (The other counts of the indictment were dismissed.) Ramsey admitted that he had opened a bank account using counterfeit identification documents and a check stolen from the mail. He also admitted to possession of counterfeit checks and identification documents as well as equipment and materials used in making counterfeits.

At sentencing, the district court found that the losses intended by Mr. Ramsey totaled between $400,000 and $1 million and that Ramsey's offenses had more than 50 victims. These findings increased Ramsey's offense level under the sentencing guidelines by 14 and four levels, respectively, resulting in a guideline range of imprisonment for 78 to 97 months. The court imposed a sentence of 78 months on the bank fraud charge in the Tennessee case (CR # 03-20107) and a concurrent sentence of 60 months — the statutory maximum[1] — in the Texas case (CR # 03-20489). Mr. Ramsey filed a timely appeal.

II

Mr. Ramsey waived the right to appeal his sentence on the mail theft charge. See *United States v. Bradley*, 400 F.3d 459, 463-66 (6th Cir.), *cert. denied*, 126 S. Ct. 145 (2005). Although the government's material breach of a plea agreement containing a waiver of appellate rights renders the waiver ineffective, see *United States v. Swanberg*, 370 F.3d 622,

---

[1]See 18 U.S.C. § 1708.

627-29 (6th Cir. 2004), there was no breach of the plea agreement here. The government did not obligate itself to seek a downward departure for substantial assistance, as Mr. Ramsey suggests, but promised only to "advise the Court of the extent of Ramsey's cooperation." Mr. Ramsey's lawyer acknowledged at sentencing that the district court was so advised.

III

A

There being no waiver of the right of appeal in the Tennessee case, we turn now to Mr. Ramsey's argument that the district court improperly enhanced his bank fraud sentence on the basis of judicially determined facts while presuming the sentencing guidelines to be mandatory. Ramsey relies on *United States v. Booker*, 543 U.S. 220, 244 (2005), where the Supreme Court held that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty . . . must be admitted by the defendant . . . ." Mr. Ramsey did not make a *Booker*-type argument in the district court, so our review is for plain error.

Mr. Ramsey never admitted that he intended to cause losses totaling between $400,000 and $1 million. Nor did he admit that his offenses had more than 50 victims. As we understand the record, the facts that were admitted by Ramsey would have yielded a

maximum guideline sentence of 41 months.[2]  Operating under a guideline system that it believed to be mandatory, the district court plainly erred in imposing a 78-month sentence on the strength of unadmitted facts.  See *United States v. Oliver*, 397 F.3d 369, 378-81 (6th Cir. 2005).

Moreover, because *Booker* rendered the sentencing guidelines advisory in cases that were on direct appeal at the time, see *Booker*, 543 U.S. at 259, 268, the district court's attribution of binding force to the sentencing guidelines would have constituted plain error even in the absence of an improper sentence enhancement.  See *United States v. Barnett*, 398 F.3d 516, 525-26 (6th Cir.), *cert. dismissed*, 126 S.Ct. 33 (2005).  The presumption of prejudice that attaches to such an error, see *id.* at 526-29, has not been rebutted in the case at bar.  For this reason as well, Mr. Ramsey's sentence in the Tennessee case must be vacated.

B

On remand for re-sentencing, the district court must take the advisory guideline sentence range into consideration.  See *Booker*, 543 U.S. at 264.  The correct determination

---

[2]In the district court, Mr. Ramsey conceded that the admitted facts established an intended loss of between $120,000 and $200,000.  A loss in that range translates to a 10-level enhancement rather than the 14-level enhancement that would result from a loss of between $400,000 and $1 million.  U.S.S.G. § 2B1.1(b)(1)(F), (H) (2002).  Mr. Ramsey did not make any admission as to the number of victims, so no offense-level enhancement is authorized on that ground.  Accordingly, Mr. Ramsey's offense level would be eight levels lower absent the district court's fact-finding, resulting in a guideline sentence range of 33 to 41 months.

of the guideline range therefore remains at issue. Mr. Ramsey argues that canceled checks and draft counterfeit checks should not be included in the calculation of "intended loss" under U.S.S.G. § 2B1.1(b)(1).

Among the items found in Mr. Ramsey's possession were canceled checks that he had stolen from the mail. There was evidence that Ramsey had used other canceled checks in fabricating counterfeits. Law enforcement officers also found multiple copies of poorly printed or unsigned counterfeit checks. Mr. Ramsey testified that these were rough drafts, and that he intended to cash only one finished version of each instrument. The total amount of the canceled checks at issue was about $318,000, and the total of the draft checks was about $79,000. The district court apparently included both of these totals in its calculation of intended loss.

We request the district court to explain, on remand, the extent to which it includes draft and canceled checks in its loss calculation and the reasons for doing so. Where there are multiple rough copies of a single counterfeit check, it seems likely to us that only one iteration of the check can properly be counted. Further, although it might be reasonable to infer that Ramsey intended to pass counterfeit checks in amounts approximating those of the canceled checks in his possession, see *United States v. Holloman*, 981 F.2d 690, 693 (3d Cir. 1992), *cert. denied*, 509 U.S. 907 (1993), Ramsey should be given an opportunity on remand to present any argument he may have as to why it would be appropriate, on the particular facts of this case, to consider discounting the total of the cancelled checks. (We note that the

circumstance which led the Third Circuit to mention a potential argument for discounting the canceled check total in *Holloman* does not appear to have any parallel in the present case, but Ramsey is not foreclosed from making a discounting argument based on the facts of this case if he has such an argument.)

IV

The appeal of the judgment on the charge in Case No. 03-20489 (the Texas case) is **DISMISSED**.

The sentence in Case No. 03-20107 (the Tennessee case) is **VACATED**, and the case is **REMANDED** for re-sentencing in accordance with this opinion.